IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCELL DEAN,

    Plaintiff,

  v.                              No. CIV 11-0231 BB/GBW

HOBBS POLICE DEPT. LEA CO. NEW MEXICO,

    Defendant.

MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has filed an Application To Proceed In District Court Without Prepaying Fees Or Costs. The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff's application and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, Plaintiff will be required to show cause why his complaint should not be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The events giving rise to Plaintiff's complaint occurred in 1993 at a family gathering in Hobbs, New Mexico.  The complaint alleges that Plaintiff was shot and permanently injured by another person at the gathering.  The Hobbs Police Department had already been called because of "trouble making."  Officers had arrived at the scene but allegedly allowed the armed man to fire his weapon at Plaintiff, causing him permanent injuries.  Plaintiff contends that the officers' conduct violated his civil rights, and the complaint seeks damages.

Plaintiff's civil rights claims appear to be barred as untimely filed.  The period of limitation for a § 1983 action is the state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985), and the time limit on personal injury actions in New Mexico is three years, *see* N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990).  "A civil rights action accrues when 'facts that would support a cause of action are or should be apparent.' " *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (quoting *Blumberg v. HCA Management Co.*, 848 F.2d 642, 645 (5th Cir. 1988).  Plaintiff filed his complaint seventeen years after the alleged injury, long after expiration of the limitations period.  The Court raises the time bar to Plaintiff's claims *sua sponte* and will allow him an opportunity to be heard on the issues of timeliness and tolling.  *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009).  Failure to respond may result in dismissal of Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs (Doc. 2) is GRANTED, and the initial partial payment is

WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he should be excused from making payments, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that, within twenty-one (21) days from entry of this order, Plaintiff file a response showing cause, if any, why his complaint should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE